Stacey WitherellLabor and Employee Relations Manager City of Little Rock 500 West Markham, Suite 130W Little Rock, Arkansas 72201-1428
Dear Ms. Witherell:
Several City of Little Rock employees have, within the time allotted by A.C.A. § 25-19-105(c)(3)(B)(i), [1] requested clarification of my Opinion No. 2011-114. Because they each make the same objection and the same basic argument, I will write one opinion in response to them all. These employees indicate that the custodian has decided to release a list of all employees of the City of Little Rock who live outside city limits. These employees object to the release of this list and ask me to re-address whether the release of such a list is consistent with the FOIA.
RESPONSE
In my opinion, the custodian's decision is consistent with the FOIA.
DISCUSSION
In Opinion No. 2011-114, I explained the following three points:
 (1) "Home addresses" are excepted from disclosure under the FOIA;
 (2) An employee's city of residence is part of a "home address"; and *Page 2 
 (3) Therefore, the FOIA prohibits custodians from releasing an employee's city of residence.
The objections pertain to point (3). The objectors claim that the FOIA also requires certain documents to be excepted from disclosure if they could be cross-referenced with other documents to determine an employee's city of residence. The clearest way to address this claim is to develop each of the three points mentioned above. Accordingly, in what follows, I will explain each point in greater detail, starting with point (2).
In point (2), I explained that the legislature has decided that a public employee's "home address" is not synonymous with "street address." Rather, the General Assembly apparently intended "home address" to be much broader. The term encompasses the nonelected public-employee's street address, city, county, and zip code.
How do we know that? The broad scope of the term "home addresses" is evident from the language of the relevant exception, which is found at A.C.A. § 25-19-105(b)(13):
 It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
 * * * Home addresses of nonelected state employees, nonelected municipal employees, and nonelected county employees contained in employer records, except that the custodian of the records shall verify an employee's city or county of residence or address on record upon request.
(Emphasis added.)
So the way we know that the term "home addresses" encompasses an employee's city of residence, county of residence, and street address is by examining the clause beginning with "except that." This clause creates an exception from the *Page 3 
general rule that "home addresses" are not disclosable. While the general rule does not define "home addresses," the "except that" clause specifically indicates that, whatever else "home addresses" may mean, it encompasses "city. . .of residence," "county of residence," and "address on record." If these three items did not already fall within the general rule prohibiting their disclosure, then there would be no reason to except the items from the rule. (Because zip code is another designation of county or city, this office has twice opined that it too is encompassed within "home addresses."[2])
Now that we are clear on the reason for concluding that the term "home addresses" includes an employee's "city of residence," we can move to point (1) from Opinion No. 2011-114 — namely, "home addresses" (and all their component parts) are excepted from disclosure. As you can see from reading subsection 25-19-105(b)(13), which was quoted above, there is an exception from the general rule that "home addresses" are exempt. The General Assembly has required custodians to disclose the component parts of an employee's "home address" under certain conditions, which are not relevant here. This exception means that, as far as the legislature is concerned, public employees' "home addresses" are not sacrosanct. They can be released under certain conditions.
Point (3) follows logically from (1) and (2). In Opinion No. 2011-114, I opined that the FOIA prohibits custodians from releasing a document that matches employees to their city of residence. Accordingly, I opined that the custodian's decision to release a list of all city employees who live outside Little Rock was consistent with the FOIA. Such a list does not itself match employees with their city of residence.
But the objecting employees, all of whom point to what I will call the "cross-referencing problem," object to the custodian releasing such a list. The "cross-referencing problem" is captured succinctly by one of the objectors:
 This current FOIA request seeks the name and job position for employees who live outside Little Rock. Several months ago, in response to a different FOIA request, the City released a list containing the names, job positions, and salaries of all Little Rock employees. If these two lists are cross-referenced, anyone can determine which employees live in Little Rock. *Page 4 
This employee then asks: "How is it possible that two carefully worded FOIA requests have the effect of releasing information that is not releasable?"
The answer is simple, though it may seem counter-intuitive: The legislature has not clearly prohibited releasing a document that, while not directly disclosing "home addresses," could be used to derive that information by cross-referencing it with other documents. And when there is a question about what an exception means, we are required to opt for the interpretation that exempts the fewest records.[3] Likewise, when there is a question about how an exception applies to a given set of facts, we are required to opt for the application that exempts the fewest records.[4]
In my opinion, these principles of reading the FOIA indicate that the legislature has prohibited direct release of "home addresses" but not indirect release, which is another way to refer to the cross-referencing problem. If the legislature intends to exempt all component parts of a "home address" from both direct and indirect release, then it can easily achieve that by amending subsection 25-19-105(b)(13) accordingly. In the absence of such an amendment, I must conclude that the custodian has correctly decided to release a list of employees who live outside the City of Little Rock.
Finally, many employees claim that "privacy" considerations prevent the custodian from indirectly releasing the city of residence. They seem to believe that their "home addresses" should be treated as personnel records, which, by statute, must be released unless so doing is "a clearly unwarranted invasion of personal privacy."[5] Because the employees think that such a disclosure amounts to such an invasion, they believe the list should be withheld.
But as I explained in Opinion No. 2011-114, the personnel-records test is not relevant to subsection 25-19-105(b)(13). Further, unlike the personnel-records exception, the legislature has not seen fit to incorporate a "privacy" balancing test into the application of subsection 25-19-105(b)(13) to a set of facts. Thus, *Page 5 
"privacy" considerations do not factor into the custodian's decision about how-105(b)(13) applies to a set of facts.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Please see Op. Att'y Gen. 97-008 for an analysis of the applicable time frames.
[2] Op. Att'y Gen. Nos. 2008-138, p. 3; 2005-194, p. 4.
[3] See Stilley v. McBride,332 Ark. 306, 313, 965 S.W.2d 125, 128 (1998) (holding that all exceptions to disclosure under the FOIA must be narrowly construed).
[4] See id.
[5] A.C.A. § 25-19-105(b)(12).